UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

**CONNIE STEELE, as Mother and Next of**                                    **PLAINTIFF**
**Kin of Phillip T. Cameron, Deceased**

**vs.**                              **CASE NO.  3:07-CV-00197**

**GRAHAM L. CROOK, HERTZ RENTAL**
**CAR LLC, HERTZ CORPORATION and**
**AMERICAN FAMILY MUTUAL INSURANCE, as**
**Uninsured Motorist Carrier**                                              **DEFENDANTS**


### ORDER GRANTING SUMMARY JUDGMENT

Before the Court are the following three motions filed by Defendants Hertz Rental Car LLC and Hertz Corporation[1] (collectively "Hertz"):

(1) Motion to Dismiss, alleging that Connie Steele is not an appropriate representative to bring this action;

(2) Motion to Enforce Settlement, contending that Plaintiff breached a settlement agreement; and

(3) Motion for Summary Judgment, contending that Plaintiff has failed to name a legal Hertz entity within the three year statute of limitations, failed to serve any Hertz entity with the Summons and Complaint, and failed to produce any facts to show that Hertz was negligent or that it may be held vicariously liable for the negligence of Mr. Crook, who was driving a vehicle leased from Hertz.

The motions were filed on December 17, 2008.  Plaintiff has failed to file a response or to

---

[1] Hertz contends that Hertz Corporation is incorrectly named and has filed a motion to that effect.  Docket No. 27.

make any request for an extension of time within which to respond as to any of the three motions. By Letter Order dated February 17, 2009,[2] the Court advised Plaintiff's counsel that it intended to grant the motion for summary judgment and to deny the other two motions as moot unless Plaintiff's counsel responded by February 24, 2009, at 5:00 p.m.  The Court has not received any response to its letter.

The Court concludes that the most appropriate ruling is to grant Hertz's motion for summary judgment as a matter of law based on Plaintiff's failure to present any evidence from which Hertz could be found liable for negligence, either directly or vicariously.  Accordingly, the Hertz Defendants will be dismissed with prejudice from this lawsuit.  The effect of such ruling will be to render moot Hertz's other two motions.

IT IS HEREBY ORDERED THAT the motion for summary judgment filed by Defendants Hertz Rental Car LLC and Hertz Corporation (Docket No. 30) be, and it is hereby, GRANTED.  All claims asserted by Plaintiffs against Hertz are hereby DISMISSED WITH PREJUDICE.

IT IS FURTHER ORDERED THAT the other motions filed by Hertz (Doc. Nos. 27 and 28) be, and they are hereby, DENIED as MOOT, without prejudice.

IT IS SO ORDERED this   25th    day of February, 2009.

                                             /s/Garnett Thomas Eisele
                                             UNITED STATES DISTRICT JUDGE

---

[2] Docket No. 46.