THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
JONESBORO DIVISION

CONNIE STEELE, AS MOTHER AND NEXT
OF KIN OF PHILLIP T. CAMERON, DECEASED                    PLAINTIFF

V.                          NO. 3:07 CV 00197 GTE

GRAHAM L. CROOK, AND AMERICAN FAMILY
MUTUAL INSURANCE COMPANY, AS UNINSURED
MOTORIST CARRIER                                          DEFENDANTS

## ORDER GRANTING MOTION TO BIFURCATE

Before the Court is a Motion to Bifurcate filed by Defendant American Family Mutual Insurance Company on May 26, 2009. No response to the motion has been filed. The motion will be granted.

A.   Background

The instant lawsuit arises out of an automobile accident that occurred on December 24, 2004, on Interstate-55 south of West Memphis, Crittenden County, Arkansas. It is undisputed that the Plaintiff's decedent, Phillip T. Cameron, was killed as a result of injuries sustained in the accident. Plaintiff Connie Steele, the mother of the deceased, has filed this lawsuit against Graham Crook, Hertz Rental Car LLC, Hertz Corporation and American Family Mutual Insurance Company. Plaintiff alleges that Graham Crook was negligent in causing the 2004 automobile accident. Plaintiff alleges that Hertz Rental Car LLC and Hertz Corporation ("the Hertz Defendants") are vicariously liable for the actions of Mr. Crook who, according to Plaintiff, was acting within the course and scope of his authority to

operate a rental vehicle.[1]  Plaintiff has sued her own underinsured motorist carrier, American Family Mutual Insurance Company ("American Family"), apparently alleging that Crook and/or the Hertz Defendants were underinsured at the time of the December 2004 accident.

Since the filing of Plaintiff's original Complaint, the Court has entered an Order granting summary judgment in favor of the Hertz Defendants on all of Plaintiff's claims.[2]  The Court has also granted partial summary judgment to Separate Defendant American Family.[3]

B. Discussion

The trial of this case is currently set the week of August 17, 2009.  On May 26, 2009, Separate Defendant American Family filed a Motion seeking to bifurcate the trial of Plaintiff's case against it from the trial of Plaintiff's case against Graham Crook.[4]  In seeking bifurcation, American Family agrees to be bound by any jury verdict against Graham Crook to the amount of its maximum liability as determined by the Court in its December 31, 2008, Order granting American Family partial summary judgment.  The time for responding to American Family's Motion has elapsed, and no party has objected or responded to American Family's Motion.

The Arkansas courts have long held that it is improper to unnecessarily call to the jury's attention the fact that there is insurance in a tort case.  *Hill v. Billups*,

---

[1]  Complaint, Doc. No. 1.
[2]  Order granting summary judgment to Hertz Defendants, filed February 25, 2009, Document No. 47.
[3]  Order granting American Family's motion for partial summary judgment, filed December 31, 2008, Doc. No. 43.
[4]  Document Nos. 48 and 49.

85 Ark. App. 166, 148 S.W.3d 288 (2004).  The Court hereby finds that, were the liability and underinsured motorists claims asserted by the Plaintiff against Graham Crook and American Family to be tried at the same time, the jury at the trial of this matter would almost certainly be made aware of the fact that Separate Defendant Graham Crook had liability insurance and of the limits of his coverage.

Further, the Arkansas courts approved bifurcation of liability and underinsured motorists claims proper so long as the underinsured carrier agrees to be bound by the outcome of the tort case to the extent of the available underinsured motorist coverage for any accident.  *Brinker v. Forest City School District No.* 7, 344 Ark. 171, 40 S.W.3d 265 (2001).  In this case, American Family has so agreed.

The Court concludes that American Family's motion should be granted.  The trial of Plaintiff's claim against Graham Crook will go forward the week of August 17, 2009.  At the conclusion of the trial against Mr. Crook, the Court will determine American Family's liability to Plaintiff, if any, as a matter of law.

Accordingly, IT IS HEREBY ORDERED that American Family's Motion to Bifurcate (Document No. 48) be, and it is, hereby GRANTED.

IT IS SO ORDERED this 12th day of June, 2009.

    /s/Garnett Thomas Eisele
    UNITED STATES DISTRICT JUDGE